## The Ætna Life Insurance Company

### *v.*

## John W. Ford.

1. NOTICE—*of unrecorded mortgage.* Any fact or circumstance that tends to give notice or informs a party that there is an incumbrance upon land, is sufficient to charge him with notice of its existence. Where such information comes to the knowledge of a purchaser or subsequent incumbrancer, the law requires him to pursue it until it leads to notice.

2. SAME—*from recitals in deed under which he claims.* Where an administrator's deed for land sold under decree of court recited the decree, which required the sale to be made for ten per cent cash in hand, and the balance on a credit of twelve months, taking the purchaser's note, secured by mortgage on the premises sold, and the deed also recited that the purchaser had complied with the terms of sale, it was *held,* that such recitals in the administrator's deed, which was recorded, was sufficient notice to any one dealing with such purchaser of the existence of an unrecorded mortgage given by such purchaser to the administrator.

3.  Actual notice, or circumstances which will excite suspicion, and which, when pursued to the source to which they point, lead to notice, is equally sufficient to charge a purchaser with notice as an recorded instrument.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. GILMORE & WHITE, and Mr. O. J. BAILEY, for the appellant.

Mr. H. B. KEPLEY, and Mr. B. F. KAGAY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that George W. Ford, as administrator of Thomas E. Ford, deceased, applied to the county court and obtained an order for the sale of real estate of the estate of deceased; that on the 4th day of October, 1873, he sold a portion to Mathias Lecrome, and executed to him a deed therefor, and took a note, with security, for $630, due in one year, with ten per cent interest after maturity, and to secure the payment of the same he took back a mortgage on the premises thus conveyed. The deed by the administrator to Lecrome recited the decree of the county court, under which the sale was made. The decree required the administrator to sell for ten per cent cash in hand, and the balance on a credit of twelve months. This deed was duly recorded on the 11th day of September, 1875. It recited that the purchaser had complied with the terms of sale. The administrator reported the sale to the county court, and on the 4th day of October, 1874, the same was approved by order of the court. This report shows that a note was given and a mortgage taken on the premises sold, to secure the deferred payment.

It also appears that appellant loaned to Lecrome $800, at nine per cent, and took a mortgage on the same lands to secure its payment, and had the same recorded on the 6th day of November, 1875. The mortgage given to the administrator

was not recorded until the 1st of January, 1876, nearly two months after the mortgage to appellant. When Lecrome effected the loan from appellant, he furnished an abstract, in which the deed from the administrator to him was noted as constituting a link in the chain of title.

Appellant insists, that, inasmuch as the mortgage to appellee was not recorded when it loaned the money and took the mortgage, appellee's mortgage must be postponed, as it is insisted the company had neither actual nor constructive notice, and there was nothing to charge it with notice. On the other hand it is urged, that as the deed from Ford to Lecrome recited facts that amounted to notice, or at least sufficient to put the company on inquiry, that would have led to notice; that seeing the recitals in the deed through which it claims, it should have examined the records of the county court, where full information would have been obtained, and so appellee's mortgage must be preferred to that of appellant.

It is insisted that appellant was only required to examine the record of deeds, and had that been done, no mortgage would have been found, or anything putting the company on inquiry. As a general rule, such is the case, but any notice, or circumstance that tends to give notice, or informs the party that there is an incumbrance, is sufficient to charge him with notice. When such information comes to the knowledge of a purchaser, the law requires him to pursue it until it leads to notice. Here, the company must have learned from the deed from Ford to Lecrome that a mortgage was required to be taken from the purchaser to the administrator, as one of the terms of the sale, and the deed stated that the purchaser had complied with the terms. The company was, then, informed that a mortgage had been given. This was ample notice to require search and inquiry whether it had been satisfied. The deed pointed to two sources of information: one was to Ford himself, and the other the records of the county court. Had application been made to Ford, the company could have learned the facts, or had it examined the records of the case in

the county court, it would have been seen that Ford had never reported the payment of the money by Lecrome, which would have been strong evidence that the mortgage was a subsisting lien. They did neither. Had Ford notified the company in person that he had sold under the decree which required the purchaser to pay ten per cent of the purchase money in hand, and to give a mortgage on the premises to secure the other ninety per cent—that he had made the sale to Lecrome, and he had complied with the terms of the decree—we presume all persons would say this was actual notice of the incumbrance. And where is the difference when he states to the company the same things in the deed under which it claims, and with the contents of which the law charges it with notice? The instruments on record in the proper office are not all that may give notice or put a purchaser on inquiry. Actual notice, or circumstances which would excite suspicion, and which, when pursued to the source to which they point, would lead to notice, is equally sufficient to charge a purchaser with notice, as are recorded instruments.

Appellant, we think, was charged with notice, and its mortgage must be deferred to that of appellee. The decree of the court below is affirmed.

*Decree affirmed.*