THE COLUMBUS BUGGY COMPANY *et al.*

*v.*

LEONARD GRAVES.

*Filed at Mt. Vernon January 22, 1884.*

1.    RECORDING LAW—*creditor—how far protected against unrecorded deed.*   Under the Registry act, which provides that all deeds and title papers shall be in force and take effect from and after the time of filing the same for record, and not before, as to all creditors and subsequent *bona fide* purchasers without notice, etc., a creditor is one who effects a lien upon land; and a judgment creditor and a purchaser are equally protected.

2.    It is the settled law of this State that a judgment lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of notice from other sources; and notice at the time of the levy of execution and sale, of an unrecorded deed or mortgage, will avail nothing as against the force of the lien.

3.    SAME—*purchase by several under executions held by each.*   Where several judgments are recovered against a common debtor at the same time, upon which executions are issued, and levied upon the same land, and at the sale the land is struck off and sold to all the judgment creditors, on separate bids by each, and the sheriff's deed conveys to each purchaser his proportionate undivided part of the premises, each purchaser will be held to have purchased under his own execution, and to hold under his own judgment; and if any one or more of such judgment creditors had notice at or before the recovery of his judgment of the existence of an unrecorded mortgage, his title will be subject to the lien of the mortgage, while a creditor not having such notice will acquire title to the interest purchased by him free from the mortgage or unaffected by any title acquired under such mortgage.

4.    FOREIGN CORPORATIONS—*may acquire real estate in satisfaction of debts due them.*   Sections 26 and 5, of the general Incorporation act, (chap. 32, Rev. Stat.) by the most direct implication authorizes foreign corporations to acquire real estate in satisfaction of any liability or indebtedness to them; and the act of April 9, 1875, to enable foreign corporations authorized by their charters to loan money, to loan money in this State, etc., and which provides that they may purchase real estate offered for sale under any judgment, etc., is not a restrictive but an enabling act, and did not take away from foreign corporations other than such as are authorized to borrow money, the power to acquire real estate which was given them by the general Corporation act.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. WILSON & HUTCHINSON, for the plaintiffs in error:

Deeds and mortgages become liens as to judgment creditors from the date of filing them for record. Rev. Stat. chap. 30, sec. 30.

Judgments in courts of record become liens from and after the date of their entry. Rev. Stat. chap. 77, sec. 1. See, also, *Dryden* v. *Martin,* 1 Gilm. 188; *Massey* v. *Westcott,* 40 Ill. 160; *McFadden* v. *Worthington,* 55 id. 362.

The decree merely recites that the Columbus Buggy Company had notice of the mortgage at the date of the sheriff's sale on the executions. That was clearly not in time.

Messrs. ALLEN & FRITCHEY, for the defendant in error:

We do not deny that a judgment or decree of a court of record from the date of entry operates as a lien upon whatever interest the defendant in the judgment might then have in real estate. The question then arises: What interest did Wheeler have in these lots at the time the judgments were obtained? The legal title had passed to Graves under the mortgage. Wheeler had but an equity of redemption in the property, and the judgments became liens upon that equity of redemption, but nothing further. Kent lays down the doctrine that a judgment at law will not take precedence of an unrecorded mortgage. 4 Kent's Com. 178; *Wyckoff* v. *Remson,* 11 Paige, 564.

This is a different question from that of a purchase at a judicial sale without notice of a prior lien. If these lots had been purchased by the plaintiffs in error without any notice of outstanding mortgages, the rule would be different; but long before the sale this mortgage was put on record. It is true that Mr. Wilson testified that he knew nothing of the claim of Graves until after he had obtained for his clients a deed,

but the mortgage had been on file in the circuit court, a decree of foreclosure obtained, and a sale by the master to the defendant. All this took place in his own county and own court, and subject to his observation, unless he chose to ignore the facts as they transpired. There can be no pretense that there was no record of the mortgage at the time the lots were sold.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The premises in question, certain real estate, were formerly owned by one Wheeler. Graves and the Columbus Buggy Company are respective claimants thereof, the former under a foreclosure sale on a mortgage made by Wheeler, and the latter under an execution sale under judgments against Wheeler. The mortgage was executed prior, but filed for record subsequent, to the judgments, and before the sale under them. Graves filed his bill to have the deeds under the execution sales set aside as clouds upon his title, claiming that the mortgage lien had precedence to that of the judgments, and the circuit court on hearing decreed the relief prayed. The defendants sued out this writ of error.

The correctness of the decree as to all the defendants, except the Columbus Buggy Company, and the purchasers under the company, is not seriously questioned, the former appearing to have had notice of the mortgage at the time they obtained their judgments, but there is no evidence going to affect the Columbus Buggy Company with such notice at the time it obtained its judgment.

Defendant in error insists that the judgments became a lien only upon whatever interest the judgment debtor in fact had in the lots at the time the judgments were obtained, which was but an equity of redemption, upon which alone, and nothing further, the judgments became liens—citing authori-

ties elsewhere to the effect that a judgment at law will not take precedence of an unrecorded mortgage. Authorities from another State under a different statute do not apply under our statute, which provides that all deeds and title papers shall be in force and take effect from and after the time of filing the same for record, and not before, as to all creditors and subsequent *bona fide* purchasers without notice, and that as to them, all such deeds and title papers shall be adjudged void until the same shall be filed for record. A creditor, under the statute, is held to be one who effects a lien upon land. A judgment creditor and a purchaser are equally protected, and it is the settled law of this State that a judgment lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of notice from other sources; and notice at the time of the levy of execution and sale, of an unrecorded deed or mortgage, will avail nothing as against the force of the lien. *Martin* v. *Dryden*, 1 Gilm. 188; *Massey* v. *Westcott*, 40 Ill. 160.

There were three other judgments obtained by different creditors at the same time with the judgment of the Columbus Buggy Company, and the purchase at the execution sale was a joint purchase by all four of these judgment creditors upon executions on their several judgments, at a price which was but in part satisfaction of the executions. The sheriff's deed was to them jointly, and it is suggested that they must all stand together, so that the Columbus Buggy Company will be affected by the notice the other judgment creditors had. There is nothing in this point. Each is to be held to have purchased under his own execution, and to hold under his own judgment. The bids were made separately, each judgment creditor bidding a separate amount, less than that of his execution. The sheriff's deed recites the respective bids, and conveys to each judgment creditor his proportionate in-

terest, that conveyed to the buggy company being an undivided $\frac{53}{100}$ of the premises sold.

It is claimed that as this company is a foreign corporation not organized for the purpose of loaning money, and its judgment not being for money loaned, it could not take and hold real estate under the laws of this State. As sustaining such claim, reference is made to the act approved April 9, 1875, (Laws 1875, p. 65,) to enable foreign corporations authorized by their charters to loan money, to loan money in Illinois, etc., and which provides that they may purchase real estate offered for sale under any judgment, etc. The argument is, that the giving of the power of acquiring real estate in such a case is the exclusion of such a power in any other case. The general act concerning corporations, (Rev. Stat. 1874, chap. 32,) by sections 26 and 5, by the most direct implication authorized foreign corporations to acquire real estate in satisfaction of any liability or indebtedness to them. That general law did not allow the formation of corporations under it for the business of loaning money, and restricted foreign corporations in the same manner as domestic ones. The subsequent act of April 9, 1875, was not a restrictive but an enabling act, and it did not take away from foreign corporations the power to acquire real estate which was given to them by the general Corporation act.

As to the Columbus Buggy Company and the purchasers under that company the decree is reversed and the bill ordered to be dismissed, otherwise the decree is affirmed, and the cause is remanded for further proceedings in accordance with this opinion.

*Decree reversed in part and in part affirmed.*