JOHN E. BERGMAN ET AL.

v.

FERDINAND BOGDA ET AL.

| 46 | 351 |
| 51 | 324 |
| 46 | 351 |
| 65 | 333 |
| 46 | 351 |
| 174s | 546 |
| 46 | 351 |
| f99 | 3104 |

*Appeal and Error—Administration—Mortgages—Real Property.*

1. Errors not argued may be considered as abandoned.

2. The recording of a mortgage which does not state the amount of the note it was given to secure, is not notice to creditors and *bona fide* purchasers of the amount of the indebtedness for which such note was given; such record is constructive notice only of what appears on its face, and the record affords no security as against a judgment creditor of the mortgagor. In this State a creditor who has by virtue of judgment and execution obtained a lien upon premises, occupies the same position with respect to prior unrecorded conveyances as does a purchaser; he is bound to note the terms of a will appearing in his chain of title.

3. Whenever a testator directs, first, that his debts shall be paid, such direction amounts to a charge of the debts upon the real estate, in all cases where the real estate is afterward disposed of by the will. So, too,

when an executor is directed to pay debts and real estate is devised to him, either personally or as executor, the land so devised is charged.

4. While the law in this State is that the real property of the estates of deceased persons is in all cases secondarily liable for the debts of the decedents, our statutes do not abrogate the common law by which the lands may be made by virtue of the provisions of a will, specifically or generally chargeable with the payment of debts and legacies, nor do our statutes remove the lien thus created or exonerate the executor from the discharge of the trust which may be thus imposed.

5. A *bona fide* purchaser from an executor or devisee of lands charged generally, only with the payment of debts, is not bound to see to the application of the purchase money.

6. The statute of this State merely places judgment creditors and *bona fide* purchasers upon the same footing as to the effect of the filing for record of deeds, mortgages and other instruments of writing authorized to be recorded; it does not make a judgment creditor a *bona fide* purchaser, or declare that he shall be so treated. In the matter of the effect of the act providing for the recording of instruments affecting the title to real estate, he is classed along with and upon the same plane as *bona fide* purchasers.

[Opinion filed November 11, 1892.]

In ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. ADOLPH TRAUB, for plaintiffs in error.

Minna Giese was a necessary and indispensable party to the foreclosure proceeding. Lynch v. Rotan, 39 Ill. 14.

She is one of the mortgagors, and presumably joint owner with her husband. Montgomery v. Brown, 2 Gilm. 581; Lane v. Erskine, 13 Ill. 501; Harvey v. Thornton, 14 Ill. 217; Kepley v. Jansen, 107 Ill. 79.

As the wife of the mortgagor (the mortgage not being given for purchase money), she has a dower estate in the premises (her husband having died before foreclosure proceedings began). Gilbert v. Maggord, 1 Scam. 471; Leonard v. Adm'r of Villars, 23 Ill. 322.

She is the devisee of both the real and personal property of her husband. Lane v. Erskine, 13 Ill. 501.

As the case now stands, Minna Giese still has an estate in the premises, and a multiplicity of suits is threatened.

Bergman v. Bogda.

Hopkins v. Roseclare L. Co., 72 Ill. 373; Robbins v. Arnold, 11 Ill. App. 434; Pope v. North, 33 Ill. 440.

This question of want of proper parties can be raised on appeal or error. Prentice v. Kimball, 19 Ill. 320; Spear v. Campbell, 4 Scam. 424; Lynch v. Rotan, 39 Ill. 14; Zelle v. W. B. Co., 10 Ill. App. 335.

The mortgage describing the note as of a certain date, without specifying any amount, is not a valid security as against subsequent purchasers and incumbrancers. Bullock v. Battenhausen, 108 Ill. 28, affirming Battenhausen v. Bullock, 11 Ill. App. 665; The Metropolitan Bank v. Godfrey, 23 Ill. 531.

A judgment creditor under our statute in reference to the recording of deeds, is considered as a *bona fide* purchaser. Massey v. Westcott, 40 Ill. 160; Martin v. Dryden, 1 Gilm. 216; McFadden v. Worthington, 45 Ill. 362; Milmine v. Burnham, 76 Ill. 362; Col. Buggy Co. v. Graves, 108 Ill. 459; Munford v. McIntyre, 16 Ill. App. 316.

A will is a conveyance of land, and takes effect from the record thereof. Rev. Stat., Chap. 148, p. 2.

A *bona fide* purchaser from heir or devisee is prior in right to one holding unrecorded deed from ancestor or devisor. Kennedy v. Northup, 15 Ill. 148; Rupert v. Mark, 15 Ill. 540; Bowen v. Prout, 52 Ill. 354.

Bergman's lien attached prior to the beginning of the foreclosure proceedings, and execution having been issued within one year after judgment, that lien is paramount to any junior claim. Rev. Stat., Chap. 77, § 1.

Complainant must prove that notice of amount of indebtedness was had by Bergman, or his attorney, before the judgment lien attached. Massey v. Westcott, 40 Ill. 160.

Mr. John T. Richards, for defendants in error.

A person taking land for a precedent debt is not a *bona fide* purchaser whose estate will impair the previous equity or unrecorded conveyance; in equity, therefore, the claim of Bogda is entitled to be paid before a judgment creditor of an heir or devisee who acquired title to property subject to

legal and equitable debts. Roane v. Baker, 120 Ill. 308; Coddington v. Ray, 20 Johnson, 637; Powell v. Jeffries, 4 Scam. 387.

Neither judgment creditors nor purchasers at sheriff's sale, deriving rights by operation of law, are regarded as *bona fide* purchasers for a valuable consideration, but as mere volunteers in contemplation of a court of equity. Moshier v. Knox College, 32 Ill. 155; Metropolitan Bank v. Godfrey, 23 Ill. 554; Fast v. McPherson, 98 Ill. 501; Rosemen v. Miller, 84 Ill. 297; Bank of Muskington v. Carpenters, Adm'rs, 7 Ohio, 263; Boos v. Ewing, 17 Ohio, 507; Davis v. Hamilton, 50 Miss. 213; Orme v. Roberts, 33 Texas, 768.

Where the judgment creditor is the purchaser at the sale under his judgment, he takes the property subject to equitable liens, even though he had no notice thereof. Freeman on Judgments, third edition, paragraph 366.

A judgment constitutes no right in the thing itself; it is merely a general lien securing a preference over subsequently acquired interests in the property, and · the lien of a judgment is subsequent to prior equitable liens against real estate. Lumbard v. Abbey, 73 Ill. 177; Tallman v. Farley, 1 Barb. (N. Y.) 280; Barker v. Morton, 12 Wall. (U. S.) 150.

The reasons for the rule laid down by the court in the case of Bullock v. Battenhausen should not govern here; in that case the grantee of the mortgagor paid a valuable consideration for the land, while in the case at bar Wilhelmina Giese was the recipient, by gift, of whatever title Johann Giese had in the premises, and the judgment of Bergman could not attach to defeat the mortgage of Bogda, as it could become a lien only upon whatever interest Wilhelmina Giese had in the premises after the payment of the debts of Johann Giese, properly proven against his estate.

The rule upon which the case of Bullock v. Battenhausen seems to have been decided is, that where one of two innocent persons must suffer loss, he who could have prevented that loss should sustain it; what possible loss could Bergman have suffered by reason of the omission to state the amount of the indebtedness in the mortgage from Johann

Giese and wife to Bogda? None whatever. If Bergman had given credit to Wilhelmina Giese upon the express statement that she owned the property in question, or if there was any evidence in the record to show that Bergman relied upon her ownership of the property in question, the situation might have been different; but there is no contention that the credit was given to her upon the faith of the mortgaged property, nor is there anything to indicate that Bergman suffered any loss whatever on account of this omission in the mortgage, as there is nothing in the record to show that Bergman knew of the existence of this property before it was brought to his attention by the filing of the bill in this case. He was not a purchaser for value; he parted with nothing upon the faith of the mortgaged property; Wilhelmina Giese made no representations to him with regard to the ownership of the property; she made no conveyance to him of her interest in it, and therefore the authorities cited by plaintiffs in error upon the other points presented by the record do not apply, and we respectfully submit that the decree of the Superior Court should be affirmed.

MR. JUSTICE WATERMAN. July 24, 1884, Johann Giese, being the owner of certain real property in Cook County, made a mortgage of the same to one Ferdinand Bogda. Minna Giese, the wife of Johann, joined in this mortgage. Ferdinand Bogda then held the joint note, dated July 24, 1884, of Johann and Minna Giese, for the payment to his order of $700 on or before three years after date, with interest at six per cent per annum.

The mortgage described this note in all respects save that it failed to state for what amount the note was given; it was therefore impossible to tell from the mortgage what sum it was given to secure.

The mortgage was duly recorded upon the day of its date, but under the authority of Battenhausen v. Bullock, 11 Ill. App. 665, and Bullock v. Battenhausen, 108 Ill. 28, the record thereof was not notice to creditors and *bona fide* purchasers of the amount of the indebtedness for which the

promissory note, thus incompletely described, was actually given.

Thereafter Johann Giese died, and his will was, on October 20, 1886, admitted to probate in the Probate Court of Cook County.

The first clause of his will is: "*First*, I direct that all my just debts, funeral expenses and expenses of administration upon my estate shall be paid by my executrix hereinafter named, out of my estate."

The second clause reads: "*Second*, I give, devise and bequeath unto my beloved wife, Wilhelmina Giese, all the rest, residue and remainder of my estate, real and personal and mixed, of whatsoever name and nature, * * * to and for the sole, proper use, benefit and behoof of my said wife and to her heirs and assigns forever."

By the third clause the testator appointed his wife, Wilhelmina, the executrix of his will, and directed that no bonds or surety be required of her for the faithful performance of her duties as such executrix.

February 27, 1888, Jacob E. Bergman obtained in the Superior Court of Cook County a money decree against Wilhelmina Giese for the sum of $459, besides $37.15 costs.

November 16, 1888, Ferdinand Bogda filed in the said Superior Court his bill for the foreclosure of the aforesaid mortgage, making Wilhelmina Giese and Minna Giese, executrix, defendants; to this bill Jacob Bergman was, by amendment, made a party defendant. June 18, 1889, Bergman filed his cross-bill, setting up the will of Johann Giese, the money decree against Wilhelmina Giese, the issuance of execution thereon, and claimed that thereby his decree became a lien upon the property mortgaged as aforesaid, having priority over said mortgage, because of the failure of the mortgage to specify the amount of indebtedness which it was intended to secure. Therefore he prayed that the mortgage might be held void as to him.

Ferdinand Bogda filed a special demurrer to this cross-bill, and the same was sustained, whereupon Bergman

elected to stand by his cross-bill and the same was dismissed at his cost. Thereafter Bergman filed an answer to the original bill, in which he set up by way of defense, the matters contained in the cross-bill which had been dismissed. Exceptions filed to this answer were sustained, and the bill having been answered by Wilhelmina Giese, known and served as Minna Giese, executrix, the cause was referred to a master to take proofs and report.

Before the master, Bergman testified that at the time his decree against Wilhelmina Giese was obtained, he had neither knowledge nor information of the making of the said mortgage; he also introduced in evidence a copy of the will of Johann Giese. Upon a report favorable to the complainant, the court entered a decree finding the equities of the cause with the complainant, and ordered that in default of the payment of the amount found due upon the said note, the premises be sold. To reverse this decree this writ of error is prosecuted.

In this State a creditor who has by virtue of judgment and execution obtained a lien upon premises, occupies the same position with respect to prior unrecorded conveyances as does a purchaser. Massey v. Wescott, 40 Ill. 160; Martin v. Dryden, 1 Gilm. 216; McFadden v. Worthington, 45 Ill. 363; Milmine v. Burnham, 76 Ill. 362; Col. Buggy Co. v. Graves, 108 Ill. 459; Munford v. McIntyre, 16 Bradw. 316.

The record of the mortgage was constructive notice, only, of what appears upon its face. Bullock v. Battenhausen, *supra*. There being no amount stated in the mortgage, its record afforded no security as against a judgment creditor of the mortgagor.

Appellant is a creditor, not of Johann Giese, the mortgagor, whom he alleges in his answer died seized of the premises in controversy, but of Wilhelmina Giese, the devisee under the will of Johann Giese. Appellant is seeking to hold, not an interest Wilhelmina Giese, the wife of Johann, had in these premises when the mortgage was made, but the interest she acquired as devisee under the will of Johann Giese. That she had when she joined in the mortgage any

interest other than that possessed by her as the wife of Johann, does not appear, and appellant charges that Johann died seized in fee of the premises.

Appellant, if a purchaser, would be chargeable with notice of whatever appeared of record in his chain of title, therefore, of the terms of the will. School Trustees v. Wright, 12 Ill. 432–442.

Appellant can therefore hold only such interest in the premises as Wilhelmina Giese has; the recording act does not give to him a title freed from the burdens imposed by the will.

Turning now to the title of Wilhelmina Giese, put in evidence by appellant, we find that the first, the primary direction of the will of Johann Giese, is, that all his just debts, etc., be paid by his executrix, Wilhelmina Giese, and that it is only the "rest, residue and remainder" of his estate which is given to her.

Whenever a testator directs, first, that his debts shall be paid, such direction amounts to a charge of the debts upon the real estate in all cases where the real estate is afterward disposed of by the will. Pomeroy's Eq. Juris., Sec. 1247, note 1; Jones v. Williams, 28 Eng. Ch. R. 156–160; 2 Jarman on Wills, 585; Shallcross v. Tinden, 3 Vesey Jr., 740; Cook v. Dawson, 29 Beav. 123; Lupton v. Lupton, 2 Johns. Ch. 614–624.

So too, when an executor is directed to pay debts, and real estate is devised to him, either personally or as executor, the land so devised is charged. Pomeroy's Eq. Juris., Sec. 1247, note 2; Jarman on Wills, Vol. 2, 596; In re Tonquerey v. Willaume & London R. R., 20 Chan. Div. 465–476; Henvell v. Whitaker, 3 Russell, 343 (Eng. Ch. 343); Graves v. Graves, 8 Sin. 43; Gross v. Kennington, 9 Beav. 150; In re Bailey, L. R., 12 Ch. Div. 266–273; Greeville v. Brown, 7 House of Lords Ca. 688–704; Hays v. Jackson, 6 Mass. 148; Jane Gallagher's Appeal, 48 Penn. St. 121; Lewis v. Darling, 16 How. (U. S.) 1–8.

It is difficult to see how a devise of the "rest, residue and remainder" of an estate can be thought to be otherwise

than subject to all that has gone before; in other words, to be a mere residuum.

The premises in controversy were clearly charged with the payment of the testator's debts; the charge thus imposed was one which it was the duty of the executrix to remove; equitably she took only what would remain after the payment of debts, etc.

It is true that in this State the real property of the estates of deceased persons is in all cases secondarily liable for the debts of the decedent; but our statutes do not abrogate the common law by which the lands may be made by virtue of the provisions of a will, specifically or generally chargeable with the payment of debts and legacies, nor do our statutes remove the lien thus created or exonerate the executor from the discharge of the trust which may be thus imposed.

It is insisted that appellant is, under the statute of this State, to be treated as a *bona fide* purchaser.

A *bona fide* purchaser from an executor or devisee of lands charged generally, only, with the payment of debts, is not bound to see to the application of the purchase money. Jarman on Wills, Vol. 2, 584; Sugden on Vendors and Purchasers, Chap. 18, p. 656; Story's Eq Juris., Sec. 1131.

Is the appellant to be treated as a *bona fide* purchaser? The statute of this State merely places judgment creditors and *bona fide* purchasers upon the same footing as to the effect of the filing for record of deeds, mortgages and other instruments of writing authorized to be recorded; it does not make a judgment creditor a *bona fide* purchaser, or declare that he shall be so treated. In the matter of the effect of the act providing for the recording of instruments affecting the title to real estate, he is classed along with and upon the same plane as *bona fide* purchasers. Putting aside the mortgage, in determining the rights of the parties under this will, we are not called upon to consider the rights of the parties under the recording laws of this State. Appellant is neither a *bona fide* purchaser or a purchaser at all; he is merely a judgment creditor of Wilhelmina Giese, seeking to reach the interest she took under a will, which

interest is subject to and charged with the payment of the debts of appellee.

The bill filed in this case, although charging that the mortgage was a first lien and charge upon the premises, did not in terms proceed upon the theory that these lands were charged by the will with the payment of this debt; it was filed for the foreclosure of the mortgage, and was upon its face a good bill. Appellant in the proceedings before the master, introduced all the evidence he would have been entitled to give had his answer not been excepted to; a part of this evidence was the will of Johann Giese; this brought into the case, it at once appeared that his judgment against Wilhelmina Giese was not a claim having precedence over that of appellee.

The view we have taken renders unnecessary any discussion of the claim that the bill was defective for want of proper parties.

The decree was erroneous, in that it ordered the defendants to pay the amount thereof. Appellant was under no obligation to discharge the debt to appellee. It, however, appears from the record that the premises were under the decree, on March 25, 1890, sold to appellee for the sum of $909.48, and that said sum being paid over to the master he was enabled thereby to pay in full the amount of the decree and all costs. The error, therefore, has not in any way operated to the prejudice of appellant, and he has not urged such error as a ground for reversal or called our attention to it, although it may be said to be included in the assignment of errors, "that the decree is contrary to the law and the evidence."

Errors not argued may be considered as abandoned. W., St. L. & P. Ry. Co. v. McDougal, 113 Ill. 60.

The decree of the Superior Court is affirmed.

*Decree affirmed.*