# D. M. Sechler Carriage Company v. C. Lane.

1. NOTICE—*By Facts to Put a Party on Inquiry.*—In a suit against a purchaser of personal property by the holder of an unrecorded lien, it is not necessary to show that the purchaser had actual knowledge of the vendor's intention to defraud. If the circumstances surrounding the transaction are such as to put a prudent and cautious man upon inquiry, and the purchaser closes his eyes against those lights which, if pursued, would disclose the fraudulent purpose of his vendor, he must suffer the consequences as though he had received actual notice.

**Replevin.**—Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 13, 1897.

JOHN R. & WALTER EDEN, attorneys for appellant.

Where the court is satisfied that a subsequent purchaser acted in bad faith, and that he either had actual notice of the rights of a third party, or might have had that notice had he not willfully or negligently shut his eyes against those lights, which with proper observation would have led him to knowledge, he must suffer the consequences of his ignorance, and be held to have had notice so as to taint his purchase with fraud in law. It is sufficient if the channels, which would have led him to the truth, were open before him, and his attention so directed that they would have been seen by a man of ordinary prudence and caution, if he was liable to suffer the consequences of his ignorance. The law will not allow him to shut his eyes when his ignorance is to benefit himself at the expense of another, when he would have been open and inquiring had the consequence of his ignorance been detrimental to himself and advantageous to the other. Doyle et al. v. Teas et al., 4 Scam. 202.

This decision has been followed in subsequent decisions by our courts.

If the purchaser from a fraudulent vendor buys with notice of the fraudulent intent of his vendor, he stands in

his vendor's shoes, and notice may be inferred from the existence of facts and circumstances that would place a man of ordinary prudence on inquiry with reference to the conduct of his vendor. Thompson v. Duff, 19 Ill. App. 75; Bump on Fraudulent Conveyances, 2d Ed., 200.

Any notice or circumstance that tends to give notice, or informs the party that there is an incumbrance, is sufficient to charge him with notice. Ætna Life Ins. Co. v. Ford, 89 Ill. 252.

A sale, in making which the object of the debtor is to hinder, delay, or in any way put off his creditors, is void if made to one having knowledge of such intent; and this knowledge need not be actual positive information or notice, but will be inferred from the knowledge by the purchaser, of facts and circumstances sufficient to raise such suspicions as should put him on inquiry. Avery v. Joham, 27 Wis. 246.

R. M. Peadro, attorney for appellee.

Mr. Presiding Justice Harker delivered the opinion of the Court.

Appellant, a corporation, brought an action of replevin against appellee to recover eight buggies and two surreys, which it had consigned to Hill and Fread, dealers in farm implements, at Bethany, Illinois.

The sheriff not being able to find the goods described in the writ, there was a trial upon a count in trover, resulting in a verdict and judgment for appellee.

The record shows that the goods were consigned to Hill and Fread in May, 1896, under an agreement to sell the goods of appellant's manufactory for that year on commission, consisting of the net surplus on sales over and above the invoice-price.

In September Hill sold his interest in the business to Fread, Fread assuming the debts of the firm, and within a few days thereafter Fread traded his entire stock of goods, including the goods in controversy, to appellee for 160 acres of Nebraska land.

It is contended by appellant that such trade was made by Fread for the purpose of defrauding his creditors, and that appellee had notice of such fraudulent purpose. Appellee swore that at the time of making the trade he had no information of appellant's claim upon the goods, and in that he is not contradicted.

But it is insisted that the conduct of Fread was so strange and suspicious as to put him upon inquiry, which, when made, would have given him notice of Fread's fraudulent purpose. That, of course, was a question for the jury. It was the pivotal point in the case and it was highly important for the jury to be correctly instructed upon it.

In a case of this kind to show that the purchaser had actual knowledge of the vendor's intention to defraud, is not required. If the circumstances surrounding the transaction were such as to put a prudent and cautious man upon inquiry, that would be sufficient. If the purchaser closes his eyes against those lights which, if pursued, would disclose the fraudulent purpose of his vendor, he must suffer the consequences as though he had received actual notice. Doyle et al. v. Teas et al., 4 Scam. 202; Aetna Life Ins. Co. v. Ford, 89 Ill. 252; Bent v. Coleman et al., 89 Ill. 364.

The trial court not only refused to give to the jury that principal of law when asked by appellant, but gave the following erroneous instruction in behalf of appellee.

2. Fraud can never be presumed, but like any other fact, must be proven by a preponderance of the evidence, and in this case before the jury would have a right to find that the conveyance from Fread to the defendant, Lane, was not a *bona fide* transaction, the plaintiff must prove that fraud entered into such transaction, and this must be shown from the evidence, and it must also appear from the evidence, that Lane as well as Fread participated in such fraud to the extent of having knowledge of Fread's intent, and unless the plaintiff has shown by a preponderance of the evidence that Fread fraudulently conveyed the property in controversy to Lane for the purpose of hindering and delaying his creditors, and that Lane knew of such fraudulent

intent, and thereby assisted the said Fread in such fraudulent transaction, the verdict of the jury should be for the defendant.

Appellant's refused instructions, numbers five and seven, should have been given.

For the error of the court in giving the above quoted instructions for appellee and in refusing the two mentioned for appellant, the judgment will be reversed and the cause remanded for another trial.