### C. Lane v. Sechler Carriage Co.

1. APPELLATE COURT PRACTICE—*Costs on Filing Additional Abstracts.*—Where an additional abstract is properly filed by the appellee the court will direct that the cost of the same be taxed to the appellant.

Replevin.—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

R. M. PEADRO, attorney for appellant.

JOHN R. EDEN and E. J. MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This case was before us at a former term, and for reasons stated in the opinion reported in 71 Ill. App. 360, a judgment therein which had been rendered in favor of C. Lane, was reversed, and the cause remanded for another trial. After it was remanded to the Circuit Court of Moultrie County the venue was changed to the Circuit Court of Macon County, where it was tried by jury and resulted in a verdict in favor of Sechler Carriage Co. for $825, from which was remitted $275, and a judgment rendered for the balance of $550.

C. Lane brings the case to this court by appeal and assigns and argues for error to reverse the judgment that the verdict is not supported by the evidence; the court improperly permitted counsel for appellee to ask one of its witnesses questions tending to impeach his testimony; and gave improper instructions to the jury at the instance of appellee.

We have carefully examined the record in the light of the complaints made by counsel for appellant touching the rulings of the trial court upon the questions which counsel for appellee propounded to its own witness, and find that they were upon matters which counsel for appellant brought out when cross-examining the witness, which were not proper on cross-examination, but new matters, and as to such new matters, counsel for appellee were properly permitted to cross-examine him to the extent of asking him impeaching questions.

The instructions given at the instance of appellee were in accordance with the views expressed by this court in the opinion heretofore referred to, and we see no valid reason for holding them erroneous now.

Upon the trial after the case was remanded appellee offered evidence tending strongly to show that appellant purchased the property in question from Fread with the knowledge that it belonged to appellee, and that Fread sold it to him for the express purpose of defrauding appellee out of it. And while appellant denied all such knowledge, yet that was a question of fact for the jury, and we are unable to say, after a careful reading of all the evidence now in the record, that their verdict is not supported by it.

Appellee made and filed in this court an additional abstract of the evidence and insists that it was necessary for the reason that the abstract filed by appellant did not show the evidence in the record tending to prove that appellant had knowledge that the property in question belonged to appellee, and not to Fread, from whom he purchased it, and that Fread sold it to appellant for the fraudulent purpose of preventing appellee from getting it or its proceeds; and we are requested to have the cost of such additional abstract taxed against appellant.

We think the additional abstract was properly filed by appellee for the reasons stated by it, and we will therefore direct that the cost thereof be taxed to appellant in accordance with rule 21 of this court.

Finding no such error in this record as appellant claims, we will affirm the judgment appealed from.   Affirmed.