## James Mills, Appellant, v. John H. Strawn et al. Allen E. Walker, Appellee.

1. NOTICE, § 50*—*what is effect of.* If a party taking a conveyance or incumbrance had notice at the time of taking it of an unrecorded mortgage or of facts which put him upon inquiry that would lead to knowledge of its existence, he is bound by such notice and his lien is subject to such prior lien.

2. NOTICE, § 7*—*when by recital in deed sufficient.* Recital in a deed of conveyance that it is given "subject to a mortgage of thirteen hundred dollars, which grantee assumes," *held* sufficiently definite as notice to a subsequent purchaser of the land described in the deed to advise such purchaser that there was an incumbrance on the land.

3. NOTICE, § 7*—*when presumed that purchaser examined prior deed.* It must be presumed that a purchaser of land examined a prior deed of record to the land and he is chargeable with notice of whatever such deed contained.

4. NOTICE, § 7*—*when burden is on purchaser to show why not bound by notice of mortgage in deed.* In a suit to determine the priority of an unrecorded mortgage and an execution sale, where a deed of record to the land involved was put in evidence containing a clause stating it was given subject to a mortgage for a certain amount, which was the mortgage in question, *held* that the burden was upon the subsequent purchaser at such sale to show some reason why he should not be bound by such notice of the mortgage contained in the deed.

5. NOTICE, § 4*—*when purchaser at execution sale does not make sufficient inquiry as to existing liens.* Where the purchaser at an execution sale made no other inquiries prior to purchasing at such sale as to existing liens on the land to be sold than to ask of the judgment debtor as to such liens, who told him all the liens he knew of were of record, *held* that such inquiries by the purchaser did not show such diligence in the matter as to relieve him from the effect of notice of an unrecorded mortgage upon the land, contained in a recital in the deed of record to such debtor, that such deed was given subject to a mortgage for a certain amount, which the grantee assumed.

Appeal from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Joel C. Fitch, for appellant.

Allen E. Walker and P. C. Walters, for appellee.

Mr. Presiding Justice McBride delivered the opinion of the court.

It is sought by this appeal to reverse a decree rendered in favor of the appellee.

It appears from the record that prior to the 18th day of August, 1911, Addie Morgan and Edgar A. Morgan were the owners of the west one-third of that part of the southwest quarter of Section 35, Township 1 north, Range 14 west, lying north of the Indiana boundary line in Wabash and Edwards counties; also all that part of the northeast quarter of the southeast quarter of Section 34, town and range aforesaid, lying in Wabash county, and that on the date last aforesaid, the said Addie and Edgar Morgan were indebted to appellant in the amount of $1,300, and executed a mortgage upon the two tracts of land above described to secure the payment of such indebtedness. That afterwards and on, to wit, August 22, 1911, the said Addie and Edgar Morgan sold and conveyed the two tracts of land above described to Ansel Gould; that the deed of conveyance made by them to the said Ansel Gould contained the following clause: "The within deed is given subject to a mortgage of thirteen hundred dollars, which grantee assumes." The deed executed was recorded in the counties of Wabash and Edwards but the mortgage above described was not at the time recorded in Edwards county but was recorded in Wabash county only. The mortgage sought to be foreclosed was identified as the one referred to in the deed and assumed by the said Gould. In February, 1914, a judgment was obtained by the Albion National Bank and against Ansel Gould, upon which an execution was issued upon the 17th day of February, 1915, and the above-described lands situated in Ed-

wards county were sold under said execution and pur-
chased by the appellee for $160. The above-described
mortgage was recorded in Wabash county on August
19, 1911, but was not recorded in Edwards county until
March 6, 1916. The appellant filed his bill in the Cir-
cuit Court of Wabash county to foreclose the mortgage
and sell both of the above-described tracts of land. It
was sought by this bill to obtain a prior lien or right
over the said execution sale to appellee Walker as to the
lands situated in Edwards county, and the court upon
a hearing rendered a decree in favor of the appellant
but decreed that the sale of the lands in Edwards
county should be made subject to the rights of appel-
lee Walker under the said sheriff's certificate of sale.
Appellant seeks by this appeal to reverse the decree on
account of Walker being given a priority over the
mortgage lien of appellant.

The appellant contends that the clause contained in
the deed made by Addie and Edgar A. Morgan to
Gould, wherein it is recited, "That the within deed is
given subject to a mortgage of thirteen hundred dol-
lars, which grantee assumes," was notice of appellant's
lien and entitled appellant to priority over the certifi-
cate of sale of appellee Walker. Upon the other hand,
the appellee contends that the clause in the deed is not
sufficient notice of appellant's rights to deprive appel-
lee of his priority, and that if it was notice, that appel-
lee made such inquiry with reference thereto as to re-
lieve him of the consequences thereof and to establish
a priority. It will be observed that the deed contain-
ing the above clause was filed in Edwards county on
the 4th day of September, 1911; that the judgment
was obtained in February, 1914, and that the mort-
gage was not recorded in Edwards county until March
6, 1916, and that the land was sold under the execution
and purchased by appellee on April 24, 1915. It is
first contended by appellee that even if the appellant

had notice of the time of the levy of execution and sale of an unrecorded mortgage, that this would avail nothing as against the force of the lien, and in support of this doctrine cites the case of *Columbus Buggy Co. v. Graves*, 108 Ill. 459, and other cases. We have examined these cases and do not believe they sustain the appellee in his contention. The doctrine is there laid down that a judgment creditor and the purchaser are equally protected and that a judgment lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of notice from other sources. We think the doctrine is well settled in this State that if a party taking a conveyance or incumbrance had notice at the time of the taking of it of an unrecorded mortgage or facts which put him upon inquiry that would lead to knowledge of its existence that then he is bound by such notice and his lien would be subject to such previous lien. *Inter-State Building & Loan Ass'n v. Ayers*, 177 Ill. 9; *Hatch v. Bigelow*, 39 Ill. 547.

Again it is insisted that this recital in the deed is not sufficient to give appellee notice of its existence, as it contained neither the name of the mortgagor nor mortgagee, or the date of the mortgage or its maturity. It is said in the case of *Crawford v. Chicago, B. & Q. R. Co.*, 112 Ill. 314. Where the recital in the deed was of a similar character to the one in question, the Supreme Court said: "According to a long line of decisions in this court, too familiar to the profession to require citation, this agreement charged appellant with notice of the debt against this lot, secured by the trust deed, and such notice, as has been repeatedly held, is as effectual as if the trust deed had been duly recorded." It was not necessary that the appellee should have full, complete and accurate information of the nature, extent and all of the particulars of the incumbrance. "It is insisted that appellant was

only required to examine the record of deeds, and had that been done, no mortgage would have been found, or anything putting the company on inquiry. As a general rule, such is the case, but any notice, or circumstance that tends to give notice, or informs the party that there is an incumbrance, is sufficient to charge him with notice." *Aetna Life Ins. Co. v. Ford,* 89 Ill. 252. We are satisfied that the clause contained in the deed to Gould was sufficiently definite to advise appellee that there was an incumbrance upon the land. It stated there was a mortgage of $1,300, and that that indebtedness was assumed by the grantee in the deed. This clause in the deed referred to was a part of the title and title papers that it became necessary for appellee to examine in determining whether or not the title was good and the land free of incumbrance, and under the law he was presumed to have examined it and he is chargeable with notice of whatever the deed contained. *Crawford v. Chicago, B. & Q. R. Co., supra.* When it was made to appear that this clause was contained in the deed, then we think that it devolved upon the appellee to show some reason why he should not be bound by this notice, and this was recognized by appellee and his counsel as a duty devolving upon them, for they offered evidence tending to show that he made inquiry concerning incumbrances upon the land, and we think the real question in this case is, "Did the appellee make such inquiries and investigation as to this lien as he was required under the law to do." " 'The information must be of that character that a prudent person, by the exercise of reasonable and ordinary diligence, could, upon inquiry and investigation, arrive at the fact of the existence of such prior conveyance.' To the same effect are *Doyle v. Teas,* 4 Scam. 202; *Rupert v. Mark,* 15 Ill. 540; *Heaton v. Prather et al.,* 84 id. 330; *Hankinson v. Barbour,* 29 id. 80." *Stokes v. Riley,* 121 Ill. 166. Pomeroy in his work says "If the party shows that he made the inquiry, and prosecuted

it with reasonable diligence, but still failed to discover the conflicting claim, he thereby overcomes and destroys the inference. If, however, it appears that the party obtains knowledge or information of such facts, which are sufficient to put a prudent man upon inquiry, and which are of such a nature that the inquiry, if prosecuted with reasonable diligence, would certainly lead to a discovery of the conflicting claim, then the inference that he acquired the information constituting actual notice is necessary and absolute.'' Pomeroy on Equity Jurisprudence, vol. 2, sec. 597. The same doctrine is announced in the case of *O'Connor v. Mahoney*, 159 Ill. 69. The investigation must be made in good faith in a reasonable manner and must be of the character likely to ascertain the truth.

The evidence in this case shows that the only investigation made by appellee, which is stated by himself, is that after having stated he represented a number of creditors of Ansel Gould, that he had a talk with Ansel Gould regarding the liens against his land prior to the time of the execution sale, and that he and others had conferred together about taking up the liens against Gould's land and taking it over upon these judgments, and the appellee says: ''In a conversation with Mr. Gould, either that or the preceding day, at any rate before I purchased the land, Mr. Gould told me all the liens he knew of against the land were of record in the county where the land was situated, and particularly all the liens he knew of were of record in Edwards County.'' That is the only evidence introduced of any investigation upon the part of appellee to ascertain whether or not the lien set forth in the deed still existed against the land. It does not appear from his testimony that he asked anything about this particular lien, and his statement is that Gould told him that all of the mortgages against his land were on record. It may be that Gould did not

know whether this mortgage was on record or not, but if he had asked Gould the question, "Has this mortgage been paid," and had obtained an answer from him that it had been discharged, then appellee would have been in a much better position than at present. Gould was the man who had assumed the debt and he knew whether or not it had been discharged, and we do not believe that the appellee prosecuted this inquiry with that diligence and earnestness and with the desire to ascertain whether or not the lien had been discharged that he should have done, and was required to do under the law. It appears to us from this record that the burden of showing that appellee was not bound by notice of the clause in the deed was upon the appellee, and it is denied by Gould that he ever made any statement to him at all concerning the mortgages. This, however, was a question of fact for the chancellor to determine. If he had prosecuted a proper inquiry to have ascertained whether or not this mortgage was still a subsisting lien, a different question might have arisen. As the record stands, we do not believe that the inquiry made by him was sufficient to relieve him of the effect of the notice contained in the deed, and the decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*