John H. Leslie and George H. Leslie, Trustees of the
Estate of George Leslie, Deceased, v. Mary J.
Moser, Agnes M. Alton, Laura L. Clancy
and Charles C. L. Leslie.

1. Legacies—*Payment of—Secured.*—As a rule, although a legatee
is not entitled to receive his legacy before the time of payment, he
may, nevertheless, have a sufficient sum set apart to pay it when it
does become due.

2. Same—*Equity May Compel Executor to Give Security.*—Courts
of equity will compel the executor to give security for the payment of
pecuniary legacies due and payable at a future day, whether contingent
or otherwise, or will order the fund paid into court, although there may
be no actual waste or danger of waste to the estate.

3. Same—*Bequests of Personal Property.*—Courts of equity treat
legacies, bequests of chattels and other personal property as matters of
trust, and the executor as a trustee for the benefit of the legatees.

Bill for Relief.—Appeal from the Circuit Court of Cook County: the
Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the
October term, 1895. Affirmed. Opinion filed February 11, 1896.

Statement of the Case.

The bill in this case was filed for the purpose of compel-
ling a compliance with the obligation of appellants as trust-
ees of a certain fund, the trust in which was admitted by
them, but the obligation growing out of the trust denied.

When George Leslie died, on March 23, 1887, he was a
partner with his son John in a mercantile business in dried
fruits and other articles, in the city of Chicago. By his
will he provided that the copartnership should be continued
until the first day of May following his death, and then his
son John should purchase his interest in the partnership,
and should "pay to his executrix the one-fourth part of
such interest in cash, and the remaining three-fourths
thereof in four equal payments, with interest, in three, six,
nine and twelve months from such last mentioned date."
The will further provided as follows:

"I also give, devise and bequeath to my beloved wife, the

sum of fifteen hundred dollars ($1,500) per year, to be paid to her quarterly, in sums of three hundred and seventy-five dollars ($375) each, so long as she shall live."

The will further provided that the said Jane H. Leslie should be appointed executrix, without bond. John H. and George H. Leslie were, by the will, appointed trustees of the daughters' shares, to pay them the income, and pay over the principal to their issue, upon their decease. It was agreed between the heirs and the widow, to whom the annuity of $1,500 was to be paid, that the sum of $25,000 was a proper amount to be set aside and invested to produce that annuity, and the executrix agreed to waive any claim for a further sum. There were seven children provided for by the will, who were to share in the estate, subject to the provision for the widow. In other words, the $25,000 which should be set apart as a principal sum to produce the widow's annuity would, at her death, pass like the other property of the estate in which the children had interests. The bill alleges that John H. Leslie purchased his father's interest in the partnership, but that he and the other defendant, instead of paying therefor, as required by the terms of the will, had always retained the greater part of the money, and that the entire balance had been, always, since the death of his father, unsecured, and subject to the hazards of the mercantile business in which they were engaged. The bill alleges further that at the time of the filing of her final account by the executrix in the Probate Court the complainants "received the net amounts due them from the cash in hand, leaving, however, the sum of $25,000 in the hands of the said John H. and George H. Leslie without security, which amount was reserved as a principal sum capable of producing annuity, bequeathed said widow during her life as the amount, four-sevenths of which will, at the death of their mother, belong to orators."

This bill shows that in May, 1894, there remained in the hands of John H. and George H. Leslie the sum of $25,000 with a considerable sum of other money, which, "being in the charge and control of said trustees, had been used in the

business of John H. and George H. Leslie, a firm composed of said trustees (John and George);" and, further, that none of said sums had been invested otherwise than in said firm; and that the same has produced large dividends to said trustees; and that said trustees, in spite of frequent requests to that purpose, had refused to make any investment of said sum of $25,000.

The bill alleges that in May, 1894, the said John H. and George H. Leslie was induced to sign a contract to the following effect: Three of the heirs who would share in said $25,000 at their mother's death, were to allow their proportion of the money to stand in the hands of said trustees, or be invested as they saw fit. The other four, who are the appellees in this court, were to have their proportion invested under the direction of the proper court. This having been, notwithstanding the agreement, refused by appellants, this bill was filed. The appellants demurred to the bill, the court overruled the demurrer, and entered a decree in accordance with the prayer of the bill.

The decree of the court contains the following:

"The court therefore finds that the material allegations of said bill of complaint are true, and that said defendants have in their possession, uninvested, four-sevenths of $25,000, which it is their duty to cause to be invested and secured under the direction of this court, so as to be available upon the termination of the life estate of Jane H. Leslie therein.

"The court doth therefore order, adjudge and decree that the said fund, to wit, four-sevenths of $25,000, be caused by the defendants to be duly invested in loans upon security of real estate in this county, and that such securities be taken in the name of Jane H. Leslie, as executrix of the estate of George H. Leslie, deceased, and be placed in her hands as such executrix, to be dealt with by her as a trustee thereof for her life, or as long as she shall continue such trustee, and at her death to belong to the complainant's share of said George Leslie's estate, and dealt with as directed by his will.

" Before closing or completing any such investment or investments, said defendants shall report such as it shall be proposed to make, to the court for its approval, and the same shall be perfected only when so done. Defendant shall make their report of proposed investments within twenty days from the entry of this decree."

BRECKENRIDGE & RICH, attorneys for appellants; FRED. L. BROOKS, of counsel.

While equity takes jurisdiction to enforce the specific performance of contracts, it is within the sound discretion of the chancellor. To entitle a party to a decree for a performance of the agreement, it must be reasonable, fair and equitable. If wanting in any of these particulars, relief should never be granted. It is only on the principle that it is unjust and inequitable to permit the contract to remain unexecuted, that a court of chancery assumes a power to enforce it. Tamm et al. v. Lavalle, 92 Ill. 270.

The court should never compel the performance of a contract which would involve the breach of duty of an officer or a trustee, or the perversion or destruction of trust funds or property. A court of equity takes jurisdiction to preserve and prevent the misapplication of such a fund. Hatch v. Kaiser et al., 140 Ill. 583; Hamilton v. Hardy, 121 Ill. 469.

WILSON, MOORE & McILVAINE, attorneys for appellees, contended that where there is a bequest of personal property in which a remainder is provided for, it should be set apart and securely invested, and the proceeds applied to pay the annuity, the principal to be available for distribution when the life estate has ended. Burnett v. Lester, 53 Ill. 325; Buckingham v. Morrison, 136 Ill. 447.

In regard also to legacies and bequests of chattels and other personal property, courts of equity (as we have seen), treat all such cases as matters of trust, and the executor as a trustee for the benefit of the legatees. Story on Equity Jurisprudence, Sec. 1067.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellants are not, as is contended by them, required by the decree of the court to violate any trusts imposed upon them by the will of George Leslie. They are required to carry out an obligation imposed upon them by their agreement made after the death of the testator, which agreement is not repugnant to the will, but rather in aid of the intent and purpose thereof.

As a rule, although legatees are not entitled to receive the legacies before the day of payment arrives, yet they are entitled to have a sufficient sum set apart to pay the legacy when it becomes due. 2 Williams on Executors, 1399.

In cases of pecuniary legacies, due and payable at a future day (whether contingent or otherwise), courts of equity will compel the executor to give security for the due payment thereof; or will order the fund to be paid into court, even if there be not any actual waste, or danger of waste of the estate. Wherever a demand is made out, of assets certainly due, but payable at a future time, the person entitled thereto may come against the executor, to have it secured for his benefit, and set apart in the meantime, that he may not be obliged to pursue these assets through several hands. Story's Eq. Jurisprudence, Sec. 603; 2 Williams on Executors, 1401; Buckingham v. Morrison, 136 Ill. 447.

Legacies, bequests of chattels, and other personal property, courts of equity treat as matters of trust, and the executor as a trustee for the benefit of the legatees. Story's Eq. Jurisprudence, Sec. 1067; Burnett v. Lester, 52 Ill. 325; Buckingham v. Morrison et al., 136 Ill. 437.

The executrix was not a necessary party to the relief sought. There is nothing in the record to show that the executrix had refused to comply on her part, but the bill does affirmatively show that she was unable to comply, because of the acts of appellants in keeping the money and refusing to allow the investment to be made.

The decree of the Circuit Court is affirmed.