## William Einbecker et al. v. Anna Einbecker.

62 611
162s 267

1. WILLS—*Construction of Annuities.*—When a testator bequeathed an estate to trustees to manage the same, etc., and to pay to his widow a certain sum monthly during her life, and directing that when the estate was divided, as directed in his will, that such trustees should retain in their possession a sufficient capital, consisting either of real estate or securities, to insure, from the income arising from the same, the prompt payment of the said monthly allowance, it was held that if the income of the estate was not sufficient to pay the annuity the widow was entitled to resort to the corpus of the property in the hands of the trustees.

2. SAME—*Effect of Acceptance of Provisions by the Widow.*—When a testator bequeaths an annuity to his wife, it was held that such annuity became, by the acceptance by the widow of the provisions of the will, in effect a purchase of her dower right, and the intent of the testator is to be determined in view of his presumed knowledge of what the effect of such acceptance would be.

**Bill to Compel Trustees to Pay an Annuity.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

This was a bill to compel the trustees of the will of George Einbecker to pay an annuity in said will provided. The will of George Einbecker, so far as here material, is as follows:

"Fourth. I hereby nominate and appoint my said three sons, William Einbecker, George Einbecker and Heinrich Einbecker, to be the trustees under this, my last will and testament, and I do hereby give and bequeath to my said trustees all my real and personal estate, of whatever name and description, except the three saloons above described, to have and to hold the same to them and their successors in trust, for the following uses and purposes, that is to say:

a. In trust to manage my estate, collect the rents and other incomes arising therefrom, make leases of my real estate for such terms as they may deem best, and to invest

and re-invest all moneys coming to their hands as such trustees in good interest-bearing securities.

b. In trust, further, to pay to my wife, Anna Einbecker, out of the moneys so arising from my estate, the sum of one hundred dollars ($100) per month during her natural life; but so long as my youngest child, Cecelia, remains with her mother, my said wife shall receive the sum of one hundred and twenty-five dollars ($125) per month, instead one hundred dollars ($100) per month, as hereinbefore stated.

When my estate is divided between my children as hereinafter stated, my said trustees shall retain in their possession a sufficient capital, consisting either of real estate or securities, to insure, from the income arising from the same, the prompt payment of the monthly allowance so made to my wife as aforesaid.

c. In trust, to divide and partition my said estate, so soon as my youngest child, Cecelia, arrives at the age of eighteen (18) years, and no sooner, between all of my children share and share alike, the descendants of a deceased child to take the parent's share. But should my said youngest child die before she reaches the age of eighteen (18) years, then the division and partition of my estate, as hereinbefore directed, shall be made in the year nineteen hundred (1900).

d. Upon the death of my wife, the property and securities retained by my trustees for the purpose of insuring the payment of the allowance to her as above stated, shall also be partitioned and divided between all of my children, in the manner and at the time above set forth.

Sixth. I hereby give to my said trustees full power to sell and convey any or all of my real estate, on such terms and for such price as they may deem best, and upon the death of any one of such trustees, the duties to be performed and the powers to be exercised by them jointly shall be performed and exercised by the survivors or survivor, as the case may be; and in case of the death of all three of said trustees, a successor shall be appointed by the Circuit Court of Cook County.

Seventh. I hereby nominate and appoint my said three

sons to be the executors of this, my last will and testament, and direct that they be not required to give bond as such."

Decree, entered October 2, 1895: Finds that George Einbecker died July 24, 1892, leaving a last will, which was duly probated in the Probate Court of Cook County, August 3, 1892.

That said George Einbecker left him surviving Anna Einbecker, his widow, and nine children, his only heirs at law and next of kin.

That all of said nine children are of full age, except Cecelia Einbecker, who is a minor and is living with her mother, the widow, Anna Einbecker.

That the net income arising from the estate of said George Einbecker, deceased, has not hitherto been sufficient to pay to said widow the whole of said allowance of one hundred and twenty-five dollars per month provided for her in the will. That there has been paid to said widow, Anna Einbecker, since the death of said George Einbecker, deceased, on account of said monthly allowance of one hundred and twenty-five dollars a month, the sum of three thousand one hundred and fifty dollars in all, and that there is now due her a balance of one thousand three hundred and fifty dollars in order to make up to her the full monthly allowance at the rate of one hundred and twenty-five dollars per month since the death of said testator.

That a portion of the real estate left by said deceased has been sold by the said complainants as executors since the death of said testator, and that said executors and trustees now have in their hands certain proceeds of such sales sufficient to make up to the said Anna Einbecker the unpaid portion of said one hundred and twenty-five dollars per month, to wit, said total deficiency of one thousand three hundred and fifty dollars.

It is therefore ordered that said complainants, as trustees of the estate of said George Einbecker, deceased, do forthwith pay to the said Anna Einbecker on demand, one thousand three hundred and fifty dollars.

It is further ordered that in case the net rents, income and profits of the remaining trust estate of said George

Einbecker, deceased, in the hands of said trustees, shall at any time be insufficient to pay said monthly allowance in full to said widow, Anna Einbecker, then they shall make good any deficiency out of the corpus of the trust estate.

The parties have stipulated as follows:

"It is further stipulated and agreed that in the decree of said Circuit Court entered in the above entitled cause on October 2, 1895, all the findings of fact are true, except the finding that there is due to the defendant, Anna Einbecker, the sum of $1,350; and that the only question in dispute in this cause between the complainants and the defendant, Anna Einbecker, is whether the defendant, Anna Einbecker, is entitled to be paid out of the estate of said George Einbecker, deceased, by the terms of his will, the full sum of $125 per month, even if a portion thereof must be taken from the corpus of the estate, or whether, the income being less than $125 per month, she must be confined in her allowance to the income as it is and leave the corpus untouched."

LACKNER & BUTZ, attorneys for appellants.

Every will makes a case by itself. The old rule of chancery that when an annuity was payable out of the rents and profits, the corpus of the estate was also liable, has been modified. The intention of the testator governs in all cases, so that a direction to pay an annuity out of the rents and profits, charges only the rents and profits, and not the corpus of the estate, unless a contrary intention appears. 1 Am. & Eng. Ency. 594, Annuities; 13 Am. & Eng. Ency. 178, Legacies and Devises; De Haven v. Sherman, 131 Ill. 115; Darbon v. Rickards, 14 Sim. 537; Foster v. Smith, 1 Phil. 629; Earle v. Bellingham, 24 Beav. 445; Forbes v. Richardson, 11 Hare 354; Shephard v. Shephard, 32 Beav. 194.

Theobald on Wills (2d Ed.), 637, makes the following distinctions:

If there is a direction to set apart a sum of money in order to pay an annuity out of the dividend, with a gift over, the annuitant is not entitled to come upon the corpus, and it is a simple case of tenant for life and remainderman.

When the annuity is charged upon the income of the whole estate, if the capital is given over subject to or after payment of the annuities, the corpus is liable.

RICHARD PRENDERGAST and J. E. DEAKIN, attorneys for appellee, contended that where a sum of money is by will directed to be paid periodically to a person out of a residuary estate, and not specifically and unambiguously out of the income resulting from some specific fund or estate, the gift is an annuity and not a rent charge. It is, in fact, nothing more nor less than a gift in the nature of a legacy, payable by installments, and, as such, payable out of any residuary estate, for the time being in the hands of the trustees, and not more so out of income than out of the corpus.

A direction to invest a sufficient sum of money out of a residuary estate to produce periodical payments directed to be made, is only a means of insuring their prompt payment, and does not limit the legatee or donee to the income of the invested fund, if that should at any time prove insufficient.   Davies v. Wattier, 1 Sim. & Stu. 463.

See, also, Wright v. Callender, 2 De Gex. M. & G., 652; May v. Bennett, 1 Russ. Ch., 330; Mills v. Drewitt, 20 Beav. 632; Baker v. Baker, 20 Beav. 548; Boyd v. Buckle, 10 Sim. 596; Arundell v. Arundell, 1 Myl. & K. 316; Hodge v. Lewin, 1 Beav. 431; Swallow v. Swallow, 1 Beav. 432; Stamper v. Pickering, 9 Sim. 176.

Section 10 of the Dower Act has an important bearing on the question before the court, for it in effect places the provision given by the will on the same footing as an annuity in lieu of dower at common law. That is, the widow is entitled to have it wholly or in part paid out of corpus.   Stamper v. Pickering, 9 Sim. Ch. 176, and note at foot of page 177.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is clear that the intention of the testator was to provide for his widow an income of $125 per month, so long as his daughter Cecelia remained with her mother.

It is also apparent that the testator did not intend to limit' the source of such income to his personal estate. The trustees are given power to sell and convey all of the real estate, and full power to collect, manage, invest and re-invest all moneys coming to their hands as trustees; this includes moneys derived from sale, as well as from income. The object of the conveyance to the trustees and the powers intrusted to them, is to pay the income provided for the widow of the testator, and to have the estate properly managed until the periods of distribution arrive.

When a distribution is made, upon the coming of age of the youngest child, the trustees are to retain sufficient capital, consisting of either real estate or securities, to insure from the income arising therefrom the prompt payment of the monthly allowance to the widow.

The annuity should have been paid each month. Houghton v. Franklin, 1 Sim. & Stu. 390.

The annuity became, by the acceptance by the widow of the provisions of the will, in effect, a purchase of her dower right. Stamper v. Pickering, 9 Sim. 176; Corrigan v. Reid, 40 Ill. App. 404–413; Blatchford v. Newberry, 90 Ill. 11; Borden v. Jenks, 140 Mass. 562.

The intent of the testator is to be determined in view of his presumed knowledge of what the effect of her acceptance would be.

If the income from the estate is insufficient to pay the annuity, the annuitant is entitled to resort to the corpus of the property in the hands of the trustees. Wright v. Callender, 2 De Gex, M. & G. 652; Stamper v. Pickering, 9 Sim. Ch. Rep. 176; Mills v. Drewitt, 20 Beav. 632; Baker v. Baker, 20 Beav. 548; Arundell v. Arundell, 1 Myl. & K. 316; Hodge v. Lewin, 1 Beav. 431; and see Leslie v. Moser, 62 Ill. App. 555.

The decree of the Circuit Court is affirmed.


MR. JUSTICE SHEPARD:

The question in all like cases is, what was the intention of the testator, as expressed by his will.

Without attempting to elaborate the argument, it seems to me that the paramount intention, of the testator, as gathered from the entire will, was to preserve the corpus of the estate for division at the future time indicated by it, and to charge the income, only, with the annuity in question.

In other words that it was not the intention to defeat the gift over, by way of remainder, by the charge of the annuity.