Mary Brooks v. Donally A. Brooks and Hettie Brooks, his wife, Millard F. Brooks, William R. Prickett & Co. and A. W. Jeffress.

1. LEGACIES—*When a Charge upon Realty.*—Where a testator makes a bequest of legacies, and then disposes of the balance of his estate in a residuary clause, commingling real and personal property, the legacies will be a charge upon the real estate so devised.

Bill, to charge real estate with the payment of legacies. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed June 18, 1896.

STATEMENT OF THE CASE.

On September 29, 1885, Martin Brooks died testate, seized of certain real estate, which, by the bill filed in this

case, is sought to be charged with the payment of a certain legacy to appellant.  By his will, executed March 4, 1885, he bequeathed (1) to his wife "one hundred and fifty dollars per annum for her maintenance during her life  *  * to be accepted by her as her portion of my estate;" (2) he devised to his daughter, Elma Redferd, 130 acres of land in Missouri, "to be accepted by her as her portion of .my estate; " (3) he bequeathed appellant, a granddaughter, then aged nine years, $300, "to be placed in the hands of the administrator to be put out at interest until she arrives at the age of eighteen years," and should she die before that time, then the same was to be distributed equally between his three oldest grandaughters; (4) he bequeathed to his daughter, Naomi Bacon, $400; (5) to his son, Millard Brooks, $300; (6) "I give and bequeath to Susanna Williamson, Margaret Tabor, Isaac Brooks, Lilla Brooks and Donally A. Brooks, my sons and daughters, *the balance of all my real and personal estate of every kind, name and nature, and to share and share alike,* except my son, Isaac Brooks, who has already received $200, deducted out of his portion of my estate.  *  *  *  I ·constitute and appoint my son Isaac Brooks, my executor of this my last will and testament. *  *  *  I further want my executor's portion of my estate held for the faithful performance of all the above bequest."

The bill alleges that at the time the will was made, and at testator's death, he was the owner of personal property of the value of $1,023.75, as appraised, and of moneys and claims, $112.30, making a total of $1,136.05, and also owned 100 acres of land, now owned by Donally A. Brooks, and eighty acres of land now owned by Millard Brooks, both of which tracts were included in said residuary clause of the will, and which were purchased by the present owners from the other residuary legatees, the deeds of which interest contained the following clause :

" This deed is made subject to the payment of the cash legacies named in the last will and testament of said Martin Brooks, deceased," but, as claimed, no deduction was made from the consideration paid, on account of said legacies, the

purchasers having taken and obtained, as they claim, legal advice that such legacies were not a lien on said land. Millard Brooks, who was bequeathed a $300 legacy, however, purchased Naomi Bacon's $400 legacy and took an assignment with power to collect. The said Isaac Brooks not being a resident of the State, did not qualify as executor under the will, and the widow, Margaret L. Brooks, having renounced under the will, was appointed administratrix with the will annexed. Her report charged up the personal property as a debit, $1,036.05, and took credit with $1,105, the amount of her widow's award, and also the payment of certain debts and costs of administration, which absorbed all the personal estate. Soon after said report in 1887, she died and no other administrator was appointed. The appellant arrived at the age of eighteen years on October 16, 1894, and made demand on said residuary legatees for the payment of said legacy, but was refused and claim made that said legacy was not a lien or charge on said residuary share of the estate.

The bill prays that said legacy be decreed to be paid, or that said land be sold, etc. The bill was answered and a hearing had, with a showing of facts as above set forth, and a decree entered dismissing the bill for want of equity.

DALE & BRADSHAW, attorneys for appellant.

Legacies given without creating an express trust to pay them followed by a general residuary disposition of the whole estate, the real estate will be charged with the bequests, for the residue can only mean what remains after satisfying the previous gifts. Lewis v. Darling, 16 How. (U. S.) 1.

A legacy to a granddaughter, to be paid out of a testator's estate when she arrives at the age of eighteen, is a lien upon land belonging to the estate where the personal property is insufficient. Langworthy et al. v. Golden, 23 Ill. App. 119.

It is difficult to see how a devise of the "rest, residue and remainder" of an estate can be otherwise than subject

to all that has gone before. Bergman v. Bogda, 46 Ill. App. 358.

A charge upon real estate may be made by the testator either by express direction or the intention. Eslop v. Gatton, 71 Ill. 424.

Nothing is given to the residuary devisee but what remains after payment of the legacies. These are a charge upon the testator's land. Nichols v. Postal, 2 Dall. 131.

Travous & Warnock, attorneys for appellees, contended that legacies must be paid from the personal estate of the testator, unless a contrary intention clearly appears from the entire will. Heslop v. Hatton, 71 Ill. 530; Paxson v. Potts, Adm'r, 3 N. S. Eq. 313.

The mere fact that the real and personal estates of a testator are united in a residuary clause, is not sufficient to charge real estate with the payment of legacies, especially where there have been previous devises of real as well as personal estate. Showalter v. Showalter, 38 Ill. App. 208; Reid v. Corrigan, 143 Ill. 402; Goddard v. Pomeroy, 36 Barb. 556; Meyers v. Eddy, 47 Barb. 263; Lupton v. Lupton, 2 Johns. Ch. 614; Paxson v. Potts, Adm'r, 3 N. J. Eq. 313; Duncan v. Wallace, 114 Ind. 169.

The fact above, that the deeds were made subject to the legacies, will not in itself, be sufficient to charge the real estate with their payment. Robinson Bank v. Miller, 153 Ill. 261; Drury v. Holden, 121 Ill. 137.

Mr. Justice Sample delivered the opinion of the Court.

The only question involved is as to the proper construction of the will of Martin Brooks, sufficiently set out in the statement. The appellant claims her legacy was a charge on the residuary estate; this the appellees deny, and the court below sustained them. It will be observed the will does not expressly make the legacies a charge, unless it is by the last clause of the will, viz.: "I further want my executor's portion of the estate held for the faithful performance of all the above bequest." The evidence does not expressly disclose what the value of the real estate covered

by the residuary clause was, or the value of the executor's—
Isaac Brooks'—portion. The consideration expressed in
his deed, subject to the payment of the legacies, was $600;
the consideration for a like share in other deeds, subject to
the payment of the same legacies, was $1,000, so that it is
fair to assume the value of the 180 acres was from $3,000 to
$5,000. The residuary legatees, including the personal
legatees, excepting appellant, joined in the execution of the
deeds to Millard and Donally A. Brooks, owners of the re-
siduary land sought to be charged, all of which deeds, as
stated, were made "subject to the payment of the cash
legacies named in the last will and testament of said Martin
Brooks." Millard Brooks had purchased the legacy of
Naomi Bacon and taken an assignment with power to col-
lect. The personal legacies, to appellant $300, Naomi
Bacon $400, Millard Brooks $300, aggregated $1,000, in ad-
dition to the $150 annually to Margaret L. Brooks, the
widow. The residuary legatees were Susanna Williamson,
Margaret Tabor, Isaac Brooks, Lilla or Louise Brooks and
Donally A. Brooks, five in number, sons and daughters of
testator. Millard Brooks and Naomi Bacon, a son and
daughter of testator, were, as stated, given personal legacies
and were not included as residuary legatees. It will also
be observed that no provision was made in the will for the
payment of debts or funeral expenses. The entire personal
property, exclusive of debts, funeral expenses and costs of
administration, did not equal the aggregate of personal
legacies and one year's annuity. The widow having re-
nounced under the will, and taken her award, nothing was
left to pay the legacies, if the real estate was not charged.
The effect would be to disinherit two of the testator's chil-
dren, Millard Brooks and Naomi Bacon, and deprive appel-
lant, a grandchild, of her legacy. The testator evidently
contemplated no such result, and if he could speak now
would not wish it. The intention of the testator, however,
as determined from the will itself, must govern. It is clear,
under the law, that the testator intended his estate should
be charged with the payment of the annuity to his wife,

Brooks v. Brooks.

although he did not so express himself.  He knew, however, she had rights as his wife under the law, and the effect of his bequest was a proposition to purchase these rights for a consideration to be paid by the estate, and had she accepted, the estate would have been bound and the question of lapse of her legacy could not have been raised.  Blatchford v. Newberry, 99 Ill. at p. 62; Corrigan v. Reed, 40 Ill. App. 404–413; Scribner on Dower, Vol. 2, p. 496; Williams on Executors, p. 1364; Roper on Legacies, p. 432; 3 Pomeroy's Equity Jur., Sec. 1142; Steele v. Steele, 64 Ala. 438; Lord v. Lord, 23 Conn. 327.

It is not legally so clear, though morally it is, that the testator did not contemplate that his two children named should be disinherited, or that his grandchild should be deprived of his bounty.  It is true, as contended by appellees, that the general rule is that legacies must be paid from the personal estate unless made a charge upon the real estate, without a contrary intention is manifested by the will itself. This is elementary.  That intention, however, as it has long been held, is manifested by a residuary clause in the will, commingling real and personal property.  Thus it is said in Jarman on Wills, 3d Vol., 4th Am. Ed., *426, 2d Vol. *604: " It is also clear that where legacies are given and then ' all the residue of the real and personal estate,' the legacies are charged on the realty.  In support of this proposition, a large number of authorities are cited.  It is the established rule in this country as well as in England.  Am. & Eng. Ency. of L., Vol. 13, 117, and note 4; Lewis v. Darling, 16 Hav. 1.  The principle as to residuary clause charging the property with the payment of legacies is known as the rule in Greville v. Browne, Hawkins, Wills, *295.

The language of the residuary clause of the will, viz., "The *balance* of all my real estate and personal estate of every kind, name and nature," means the same as "residue." Rom. Cath. Ch. v. Wachter, 42 Barb. 43; Hart v. Williams, 77 N. C. 426.

But it is contended this rule does not apply where, preceding the residuary clause, there had been a devise of real

estate, and some courts so hold.   Paxson v. Potts, Adm'r, 3 N. J. Eq. Repts. 313.   That question has not been decided by our Supreme Court, but in Francis v. Clenow, cited in 3 Jarman on Wills, 429, Vol. 2, *605, it was held that not-withstanding the previous devise of certain real estate, the legacies were charged on the real estate by force of the resid-uary gift.   See also Ibid, 430, where it is said:   "In read-ing a devise of real estate to one person and of personal leg-acies to another, and of the residue of the real and personal property to a third person, we may see that there *might* be a mode of interpreting it *reddendo singula singulis*, as mean-ing to give the rest of the personal property to one person, and the rest of the realty to another.   *But that is not the nat-ural meaning of the words.*"   See also collation of authorities on the point of a devise of real estate intervening between the gift of the legacies and the residuary clause, holding that does not affect the rule in 13th Vol. Am. & Eng. Ency. of Law, note 4, 117.

Some States, especially New York, hold that the residuary clause commingling real and personal property is only a circumstance which is to be considered in connection with other extrinsic facts to determine whether such legacies are made a charge on real estate, and that the burden of proof of such circumstances is on the personal legatee.   Briggs v. Carroll, 117 N. Y. 288.   But as our court, in Heslop v. Gat-ton, 71 Ill. 528, held a will is not to be construed by any-thing *dehors* to explain the testator's intention, it is not believed those authorities are applicable, where there is no latent ambiguity.   The effect of that decision is that a will must speak for itself, under the rules of established law, one of which is, as heretofore shown, that a personal legacy, preceding a residuary clause, commingling real and personal property, is a charge on the realty so devised.

As we construe the will in this case, the residuary property was commingled.   The rule of construction adopted in Reid v. Corrigan, 143 Ill. 402, is not at all in conflict with that in the Heslop case, that the will must speak for itself as to the intention.   In our judgment the residuary legatees only

took the residuum. As said in Bergman v. Bogda, 48 Ill. App. 358, "It is difficult to see how a devise of the rest, residue and remainder of an estate can be thought to be otherwise than subject to all that has gone before."

The last clause of the will referred to in the beginning of this opinion, declaring that the executor's—Isaac Brooks'—portion of the estate should be "held for the faithful performance of all the above bequest," while not clearly expressed, yet evidently was intended to secure the payment of the bequests to the persons to whom they were made, and, in our judgment, by the terms of the will itself, furnishes cogent evidence of the testator's intention to charge those bequests or legacies on the residuary real estate. To construe the will otherwise would be attributing an intention to the testator of making, or at least attempting to make, those bequests a charge on Isaac Brooks' portion, the value of which was less than the bequests, without any provision to meet and satisfy them out of other portions of the estate. By construing the will as the testator evidently intended, and according to the plain, common sense meaning of the language of the residuary clause, such an absurdity is avoided and justice is done to all parties concerned.

The decree of the court below is reversed and the cause remanded, with directions to enter a decree for the complainant.