### George Dearlove et al., Executors, etc., v. Sarah Ann Otis.

1. WILLS—*Construction of, Where Real and Personal Estate Are Commingled in a Residuary Clause.*—The general rule is, that where, in the residuary clause of a will, real and personal estate are commingled, the intention of the testator is that the residuary legatee shall take only

that which is left after all other legacies have been satisfied, and in case the personal assets are not sufficient to satisfy the personal bequests, it will be presumed that it was the intention of the testator to charge them upon the real estate bequeathed under the residuary clause.

2. SAME—*Inadmissibility of Evidence to Determine the Intention of the Testator.*—Where the language of a will is free from doubt, no testimony, oral or otherwise, is admissible for the purpose of determining the intention of the testator.

3. SAME—*Exception to the Rule that a Will Speaks Only from the Death of the Testator.*—Although in this State a will speaks only from the time of the testator's death, if his intention as communicated in his will is not clear, evidence of the condition of his estate at the time of making the will is admissible.

4. SAME—*Rules of Construction.*—In the construction of a will when there is room for doubt, the court will put itself as far as possible in the position of the testator by taking into consideration the circumstances surrounding him at the time of the execution of his will.

Appeal from the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

**Statement.**—In June, 1890, Richard Dearlove, a bachelor, of Cook county, Illinois, died leaving a last will and testament in which he named as executors George Dearlove and Edwin D. Messinger, the appellants. He made his will on the 23d day of July, 1885, and it remained unchanged. Its first paragraph provided that his just debts and funeral expenses should first be paid. By the second paragraph a bequest of $4,500 in money was made to William Dearlove, a brother. By the third paragraph a bequest of $100 in money was made to another brother. By the fourth paragraph a bequest of $1,800 in money was made to a niece, Sarah Ann Otis, the appellee herein. By the fifth paragraph he devised to George Matterson Dearlove certain specific real estate, subject to a charge of $2,000, to be paid by him to the executors. By the sixth paragraph he devised to Richard Thomas Dearlove certain specific real estate, and by the seventh paragraph to Hannah Mabel Dearlove specific real estate. The residue and remainder of his estate was given to the three children of his brother George, the said George M., Richard T., and Hannah M. Dearlove.

At the time he made his will he had no real estate other than that specifically devised in the fifth, sixth and seventh paragraphs of his will.  He had, at that time, in addition to this real estate, $4,500 in cash, and owed no debts.

After he made his will he acquired other real estate, and in the deed to him of one of the pieces he afterward purchased, he assumed and agreed to pay as part of the purchase money an incumbrance thereon of $3,500.  He also, after making his will, borrowed $2,500 on one of the pieces of real estate he had specifically devised to Hannah M. Dearlove.  Both of these incumbrances were unpaid and were subsisting obligations against him at the time of his death.  He had also in the meantime become indebted, in various other amounts, to various persons.  His personal estate, according to the inventory filed, amounted to only $3,853.47; so that at the time of his death his debts exceeded his personal property by several thousand dollars.

In the course of the administration of the estate, it became necessary for the executors to file a petition in the Probate Court for leave to sell real estate to pay debts, which was done, and appellee was made a party defendant to the proceeding and duly served with summons.  Preparatory to filing said petition the executors filed their just and true account, which showed a deficit of personal estate of $4,678.84.  Pursuant to the decree entered in this proceeding to sell, the executors sold two pieces of real estate, each of which had been acquired by Richard Dearlove after he made his will; on one of which, at the time of the sale, there was an incumbrance of $3,500, which he had assumed and agreed to pay as aforesaid.  The report of sale was confirmed by the court and in the final account filed by the executors the money received from the sale of said real estate is accounted for, as well as the $2,000 received from George Matterson Dearlove, devisee under the fifth paragraph of the will.

It appears from the executors' final account that there is in their hands a balance of $2,877.30.  This balance is, in its entirety, the surplus left from the proceeds of the sale

of said real estate, after the payment of all debts and costs of administration. From the sale of one of the pieces of said real estate $2,500 net was received, and from the sale of the other $4,025 was received.

William Dearlove, the legatee named in the second paragraph of the will, died before the testator, and the executors regarded the legacy to him as a lapsed legacy, and declined to pay it. As to this there is no contest.

The executors regarded the legacies in the third and fourth paragraphs of the will as also lapsed legacies, claiming that there was a deficiency of personal estate and that nothing appears in the will to show an intention of the testator that these legacies should be a charge upon real estate in case of such deficiency, and have declined to pay the same. When the executors filed their final account, appellee, who is the legatee named in the fourth paragraph of the will, filed objections thereto, one of the objections being that the executors declined to pay to her the said legacy of $1,500.

On a hearing of the objections that the executors declined to pay the legacy of $1,500, an order was entered directing the executors to pay this legacy to appellee, from which judgment the executors appealed to the Circuit Court. The court entered an order finding that the balance in the hands of the executors, according to their final account, was subject to the payment of said legacy of $1,500, and affirming the order of the Probate Court, and directed the executors to pay to appellee the said legacy within ten days, and entered judgment on the finding, from which judgment the executors appeal to this court.

CHARLES LANE, attorney for appellants.

CUTTING, CASTLE & WILLIAMS, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

A specific devise of money will not be charged against a specific devise of real estate, although there be a deficiency of personal assets.

Prior to 1838, in England, a testator could only devise the real estate to which he was actually entitled at the time of making his will.  From this was deduced the rule that every residuary devise, however general in its terms, is in its nature specific, being in fact the specific disposition of the lands not before given or not before expressed to be given in the will.  1st Jarman on Wills, 645; 5th Am. from 4th Eng. Ed.; Howe v. Earl of Dartmouth, 7th Ves. 147.

Our statute on wills confers upon every male person of the age of twenty-one years and every female of the age of eighteen years, of sound mind and memory, power to devise all the estate, right, title and interest in possession, reversion or remainder which he or she hath or at the time of his or her death shall have.

Doubt has been expressed whether this rule of the English law was ever adopted in Massachusetts and it would seem that under our statute it can have no existence here. Blaney v. Blaney et al., 1 Cush. (Mass.) 107–116.

The general rule is, that where, in a residuary clause, real and personal estate is commingled, the intention of the testator thereby expressed is, that the residuary legatee shall take only that which is left after all other legacies have been satisfied, and that consequently, upon a failure of personal assets to satisfy the personal bequests, it will be presumed the intentions of the devisor was that they should be charged upon the realty given under such residuary clause.  Reid v. Corrigan, 143 Ill. 402; Brooks v. Brooks, 65 Ill. App. 326; Lewis v. Darling, 16 Howard, 1; Jarman on Wills, 5th Am. from 4th Eng. Ed. 605.

Upon the hearing, evidence was introduced for the purpose of showing what the intention of the testator was as to charging the particular bequest of money under consideration upon the realty bequeathed under the residuary clause.

If the language of a will is free from doubt, no testimony, oral or otherwise, is admissible to determine what the testator meant.  In other words, evidence is not admissible to enable the court to depart from the unmistakable language

of the will.   29th Am. & Eng. Ency: of Law, 339; Brasher
v. Marsh, 15 Ohio State, 108; Tebbs v. Duval, 17 Gratt.
(D. A.) 345; Still v. Spear, 45 Pa. State, 170.

Although in this State a will speaks from the time of
the testator's death, nevertheless, if his intention is, as
enunciated in the will, not clear, evidence of the condi-
tion of his estate at the time of the making of the will is
admissible.   While evidence as to declarations by him as
to what he intended is not admissible.

In the construction of the will, the court will put itself
as far as possible in the position of the testator, by taking
into consideration the circumstances surrounding him at
the time of the execution of the will.   But this rule does
not apply when the clearness of the language made use of
is such that there is no room for doubt.   29th Am. & Eng.
Ency. of Law, 340; Perry v. Hunter, 2 R. I. 80; Adamson
v. Ayers, 5 N. J. Equity 353; Smith v. Bell, 6 Peters
(U. S.), 68.

As is said in Bergman v. Bogda, 46 Ill. App. 351, it is
difficult to see how a devise of the rest, residue and the
remainder of the estate can be thought to be otherwise
than subject to all that has gone before.

The judgment of the Circuit Court is affirmed.